UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JUAN CARLOS HERNANDEZ, | ) | |
| Institutional ID No. 19845-298, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-00070-BG |
| K. DIXON, Warden, | ) | ECF |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### Statement of the Case

Proceeding *pro se* and *in forma pauperis*, Plaintiff Juan Carlos Hernandez commenced this action seeking injunctive relief for Eighth Amendment violations that, he claims, have occurred during his incarceration as a federal prisoner at Giles W. Dalby Correctional Facility (Dalby Facility), a private correctional facility operated under contract with the Federal Bureau of Prisons (BOP). The United States District Court transferred this case to the undersigned United States Magistrate Judge for further proceedings. The undersigned thereafter reviewed authenticated records from Dalby Facility and conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). The undersigned provided Hernandez with an opportunity to consent to the jurisdiction of a United States Magistrate Judge, but Hernandez did not consent. Pursuant to the Order of transfer, the undersigned now files this Report and Recommendation.

### Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

1

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2012). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory[.]" *Id.* at 327. A complaint lacks an arguable basis in fact if the "factual contentions are clearly baseless." *Id.* A court may base a finding of frivolousness on a plaintiff's allegations, testimony at a *Spears* hearing, and authenticated prison records. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (stating that dismissals based on frivolousness "can be based on medical and other prison records if they are adequately identified or authenticated") (citation and internal quotations omitted); *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991) (noting that trial judges "must ascertain what the plaintiff is claiming" to determine whether an *in forma pauperis* complaint is frivolous and reversing prior finding that evidence adduced at *Spears* hearing "did not meet adequate indicia of reliability").

## Discussion

Construing his Complaint liberally, Hernandez claims that Warden Dixon has denied him medical care in violation of the Eighth Amendment. Hernandez seeks only injunctive relief, namely, "an order directing [Dixon] to provide [Hernandez] with . . . appropriate medical treatment." At the *Spears* hearing, Hernandez specified that he wanted to be examined at a hospital for his health issues.

Individuals "have a right to sue directly under the constitution to enjoin . . . federal officials from violating [their] constitutional rights." *Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979). This right extends to federal inmates. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (construing federal inmate's *pro se* complaint as "requesting injunctive relief from violation of his

2

federal constitutional rights").

The court notes that the recent decision of *Minneci v. Pollard*, --- U.S. ----, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012), does not preclude Hernandez's suit for injunctive relief, although it would preclude an action against Dixon for damages. In *Minneci*, the Supreme Court declined to "imply the existence of an Eighth Amendment-based damages action (a *Bivens* action) against employees of a privately operated federal prison." *Id.* at 620. Although Warden Dixon is such an employee, Hernandez seeks only injunctive relief, not damages. He is therefore not proceeding pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), in which the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). To hold that *Minneci* precludes federal courts from hearing actions filed by federal prisoners for injunctive relief from Eighth Amendment violations would contravene the "established practice . . . to sustain the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution[.]" *Bell v. Hood*, 327 U.S. 678, 684, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *see also Malesko*, 534 U.S. at 74 (distinguishing "the *Bivens* remedy" from suits for injunctive relief, which have "long been recognized as the proper means for preventing entities from acting unconstitutionally").

As previously noted, Warden Dixon is not directly employed by BOP, but by a private prison operating under contract with BOP. "Although the conduct of private parties lies beyond the Constitution's scope in most instances, governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a

result, be subject to constitutional constraints." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620, 111 S. Ct. 2077, 114 L. Ed. 2d 660 (1991).

In *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988), the Supreme Court held that a private physician who contractually assumed a state's Eighth Amendment duty to provide medical care to inmates "must be considered to be a state actor" when undertaking that obligation. *Id.* at 56–57. Similarly, in *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459 (5th Cir. 2003), the Court of Appeals for the Fifth Circuit indicated that employees of private prison-management companies are "subject to limitations imposed by the Eighth Amendment." *Id.* at 461; *but see Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006) (holding that alleged conduct by private prison employees was "not of a sufficiently federal character to create constitutional liability" under *Bivens*). Warden Dixon is such an employee and therefore has Eighth Amendment obligations to the inmates under his care. *Rosborough*, 350 F.3d at 461. BOP cannot strip federal inmates of their Eighth Amendment rights simply by assigning them to private contract facilities. *Cf. West*, 487 U.S. at 56 ("Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights.").

That *West* and *Rosborough* were brought pursuant to § 1983 does not alter this conclusion: § 1983 "is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). Furthermore, to determine "where the governmental sphere ends and the private sphere begins" in cases alleging constitutional violations by non-government employees, courts have applied the same "jurisprudence of state action" regardless of whether the challenged conduct is

4

alleged to have occurred under color of state law (and therefore challenged under § 1983) or federal law. *See, e.g., Edmonson*, 500 U.S. at 619–28 (applying cases brought pursuant to § 1983, including *West*, and concluding that racially discriminatory peremptory jury strikes by private litigants in federal court constituted federal government action subject to constitutional constraints); *Dobyns v. E-Systems, Inc.*, 667 F.2d 1219 (5th Cir. 1982) (applying state action doctrine enunciated in cases brought pursuant to § 1983 and concluding that plaintiffs could bring constitutional claims against a private corporation performing military surveillance pursuant to a federal contract).

Although the Eighth Amendment imposes duties on Warden Dixon in his role at Dalby Facility, Hernandez's allegations do not indicate that Warden Dixon violated any of those duties. "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). A prison official is not liable under this standard unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). In other words, an inmate must allege that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

5

"Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos*, 41 F.3d at 235. For example, in *Norton v. Dimazana*, 122 F.3d 286 (5th Cir. 1997), an inmate complained that the medical treatment he received for a chronic condition was inadequate. *Id.* at 288. However, medical records indicated that the inmate "was afforded extensive medical care by prison officials, who treated him at least once a month for several years, prescribed medicine, gave him medical supplies, and changed his work status to reflect the seriousness of his problem." *Id.* at 292. The Court of Appeals for the Fifth Circuit held that the inmate failed to state a valid Eighth Amendment claim for deliberate indifference. *Id.*

In this case, Hernandez has alleged that Warden Dixon has denied him constitutionally adequate medical care for leg and back problems that prevent him from walking normally. At the *Spears* hearing, he testified that he spoke with Warden Dixon about his medical needs seven or eight times. Hernandez further testified that he has received pain medication regularly and that he had been examined by doctors and nurses nearly twenty times over the course of approximately one year. In addition, he stated that he underwent x-rays and laboratory tests that revealed no problems with his ankle bone. He also testified that he received crutches at Dalby Facility and, on one occasion, ice and bandages. Like the inmate in *Norton*, Hernandez's testimony indicates that he "was afforded extensive medical care by prison officials" who treated him at least once a month, prescribed medicine, and gave him medical supplies. *Id.* His allegations do not indicate that Warden Dixon or anyone else at Dalby Facility "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (quoting *Johnson*, 759

6

F.2d at 1238). Accordingly, Hernandez has not stated a constitutional claim that warrants an injunction or any other form of relief.

## Recommendation

For the foregoing reasons, the undersigned recommends that the U.S. District Court **DISMISS** Hernandez's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2).

## Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to timely file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Dated:       December 12, 2012.

*(signature)*
NANCY M. KOENIG
United States Magistrate Judge