CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JAN 11 AM 8: 26

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JUAN CARLOS HERNANDEZ, Institutional ID No. 19845-298, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | 5:12-CV-00070-C |
| K. DIXON, Warden, | § § § | |
| Defendant. | § | ECF |

## ORDER

Plaintiff Juan Carlos Hernandez, acting *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 on April 30, 2012, complaining that Warden Dixon at the Giiles W. Dalby Correctional Facility was deliberately indifferent to Plaintiff's medical needs. He did not seek monetary damages but only injunctive relief. Plaintiff was granted permission to proceed *in forma pauperis* by Order dated August 23, 2012. The Defendant has not filed an answer.

On August 23, 2012, the complaint was transferred to the docket of the United States Magistrate Judge, who held an evidentiary hearing pursuant to *Spears v. McCotter,* 766 F.2d 179, 181-82 (5th Cir. 1998) on October 25, 2012, and reviewed authenticated prison records from the Dalby Facility. After the Magistrate Judge completed the preliminary screening pursuant to 28 U.S.C. § 1915A, she determined that Plaintiff had failed to state a claim for violation of his constitutional rights sufficient to require an answer or other responsive pleading and filed a Report and Recommendation on December 12, 2012. Plaintiff has not filed a reply or objections to the Report and Recommendation.

The undersigned District Judge has made an independent examination of the record in this case and finds that the Magistrate Judge's findings and conclusions should be ADOPTED.

It is, therefore, **ORDERED**:

(1) Civil Action No. 5:12-CV-00070-C and all claims alleged therein are DISMISSED with prejudice.

(2) Any pending motions are DENIED.

(3) The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**.") (emphasis added); *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

(4) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $455.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated January __11__, 2013.

SAM R. CUMMINGS
United States District Judge